|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAROL L. ENGEN, et al.,<br><br>Defendants. | | CASE NO. C18-712 RSM<br><br>AMENDED ORDER DENYING RECUSAL |

This matter is before the Court *sua sponte* to correct an error in its earlier Order Denying Recusal. Dkt. #34. The Court incorrectly referred that Order to the Honorable Benjamin H. Settle, as the senior active judge in the District. However, Judge Settle took senior status on January 1, 2020. Accordingly, the Honorable Richard H. Jones is now the active judge with the highest seniority. The Court has corrected the error below, and this Amended Order replaces the Court's prior Order.

On March 6, 2020, Defendant Carol Engen ("Engen") filed a Notice of Abuse of Judicial Discretion (Dkt. #29) and an Affidavit in Support of Notice of Abuse of Judicial Discretion (Dkt. #30). Therein, Defendant complains that the Court has treated the parties differently and has "set the Defendant up for a contempt of court criminal charge." Dkt. #29 at 3. The Court interprets the filings as a motion for voluntary recusal and, having considered the matter, denies the request.

ORDER – 1

The government initiated this action to "reduce to judgment the outstanding federal tax assessments against Defendant Carol L. Engen; and (ii) foreclose federal tax liens on certain real property located in King County." Dkt. #1 at ¶ 1. After Engen filed for bankruptcy and provided this Court with notice, the Court stayed the action pending resolution of the bankruptcy. Dkt. #6. The Court directed the parties to "promptly notify the Court when the bankruptcy proceedings have concluded." Dkt. #6 at 2.

On February 13, 2020, the government gave the Court notice that the bankruptcy proceeding had been dismissed, requested that the Court lift the stay, and that the Court provide a date for Engen's response that approximated her time remaining for response at the time the matter was stayed. Dkt. #12. Three days later, the Court lifted the stay and set a date for Engen to respond. Dkt. #16. On February 20, 2020, Engen gave the Court notice that the bankruptcy proceeding had been dismissed and requested that the Court reimpose a stay pending her appeal to the Ninth Circuit's Bankruptcy Appeals Panel. Dkt. #20. The Court struck the filing, indicating that it was procedurally improper and noting that Engen was required to file a motion if she wished to seek a stay. Dkt. #24. Relying on her perceptions of rulings unfavorable to her position, Engen complains that the undersigned should recuse. Dkt. #29.

A "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A federal judge also must disqualify himself where he has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Further, section 144 of title 28 of the United States Code provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

ORDER – 2

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Under both § 144 and § 455, recusal by a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Most importantly here, "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). This principle ultimately dooms Engen's request as she relies only on her subjective interpretation of the Court's prior orders, which do not serve as a basis for recusal.[1]

Accordingly, the Court hereby finds and ORDERS that:

1. Construing Defendant's Notice of Abuse of Judicial Discretion (Dkt. #29) as a Motion for Recusal, the motion is DENIED.

---

[1] The Court also notes that the automatic bankruptcy stay operates separately of an order of this Court. Upon filing, Engen's petition "operates as a stay" and "continues until . . . the case is dismissed." 11 U.S.C. § 362(c)(2)(b). The Court never considered the propriety of a stay in this case, only administratively deferred to the proceedings before the bankruptcy court.

ORDER – 3

2. In accordance with Local Civil Rule 3(f), this Order is REFERRED to the Honorable Richard A. Jones, the senior active judge in this District, for review of the Undersigned's decision to not recuse himself.

Dated this 25th day of March 2020.

                                        RICARDO S. MARTINEZ
                                        CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4