# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROL L. ENGEN, et al.,<br><br>　　　　　Defendants. | CASE NO. C18-712 RSM<br><br>ORDER AFFIRMING ORDER DECLINING TO RECUSE AND DENYING MOTION |

This matter comes before the Court on Defendant Carol L. Engen's ("Engen") notice of abuse of judicial discretion, Dkt. 29, and supporting affidavit, Dkt. 30, and Chief Judge Martinez's order construing the notice as a motion for voluntary recusal and declining to recuse, Dkt. 34. The matter was referred to the undersigned pursuant to Local Civil Rule 3(f).

The applicable recusal statute provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
　　(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
　　(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

ORDER – 1

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy . . . .

28 U.S.C. § 455. Further, 28 U.S.C. § 144 provides that when "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party" a party may file an affidavit stating, "the facts and reasons for the belief that bias or prejudice exists" and the case will be assigned to another judge. "Under both statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotations and citations omitted). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

In this case, Engen has failed to show that recusal is warranted or appropriate. The United States filed suit to reduce to judgement outstanding federal tax assessments against Engen and to foreclose federal tax liens on real property Engen owned in King County. Dkt. 1, ¶ 1. Engen then filed for bankruptcy and notified the Court, Dkt. 5, triggering an automatic bankruptcy stay, Dkt. 6. The Court requested notice from the parties when the bankruptcy proceedings concluded and/or if the status of the automatic stay changed. Dkt. 6. After the United States notified the Court that the bankruptcy was dismissed and the automatic stay was no longer in effect, Dkt. 12 at 1–2, and the Court lifted the stay, Dkt. 16, Engen notified the Court that the bankruptcy was dismissed but requested that the automatic stay remain in place, Dkt. 20 at 1–2.

In a minute order striking Engen's notice, the Court noted that Engen's notice appeared to conditionally request a continuation of the stay pending resolution of her bankruptcy appeal and stated that if Engen sought a stay from the Court, it must be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules. Dkt. 23. Engen argues that her notice and

ORDER – 2

the United States' notice used the same language to make different requests about how the case would proceed and that striking her request denied her access to the Court and "was a deliberate attempt on the part of the Court, sitting in equity, to set the Defendant up for a contempt of court criminal charge," Dkt. 39, for failure to inform the Court of a change in the bankruptcy proceedings, Dkt. 30, ¶ 6.

In essence, Engen disagrees with Judge Martinez's interpretation of the procedural requirements applicable to filing a motion for a stay. This disagreement is nothing more than disagreement with a judge's prior adverse ruling. The undersigned finds no indication of bias, prejudice, or lack of impartiality. Therefore, the Court **AFFIRMS** Judge Martinez's order declining to recuse and **DENIES** Engen's motion.

**IT IS SO ORDERED.**

Dated this 26th day of March, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3