1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

UNITED STATES OF AMERICA,                    CASE NO. C18-712 RSM

9

Plaintiff,                          ORDER

10

v.

11

CAROL L. ENGEN, et al.,

12

Defendants.

13

14

## I.      INTRODUCTION

15

This matter is before the Court on Defendant's Motion to Dismiss.  Dkt. #27.  Defendant's

16

Motion seeks dismissal based on all seven defenses listed in Federal Rule of Civil Procedure

17

12(b).  Plaintiff opposes the Motion, maintaining that its action is proper.  Dkt. #32.  Plaintiff has

18

responded (Dkt. #39) and has made several additional filings (Dkts. #37, #38, and #40) that the

19

Court addresses in this Order.  For the reasons below, the Court denies Defendant's Motion.

20

## II.      BACKGROUND

21

Plaintiff alleges that Defendant Carol L. Engen ("Ms. Engen" or "Defendant") filed

22

insufficient tax returns "for the federal income tax years 2004 to 2008."  Dkt. #1 at ¶ 14.  As a

23

result, "a duly authorized delegate of the Secretary of the Treasure made timely assessments

24

against [Ms. Engen] for unpaid federal income taxes . . ., civil penalties . . ., penalties, interest,

ORDER – 1

and other statutory additions." *Id.* at ¶ 15.  As of the filing of this action, those assessments amounted to $250,880.66. *Id.* at ¶¶ 15, 19.  Ms. Engen was provided notice of these assessments, but failed to pay. *Id.* at ¶¶ 17–19.

On or around April 19, 2017, Ms. Engen acquired "a parcel of real property commonly described as 16423 NE 15th Street, Bellevue, WA 98008 ("Subject Property")" after her husband passed away. *Id.* at ¶¶ 8–13.  Ms. Engen executed and subsequently recorded an "Affidavit Re: Will and Transfer on Death Deed." *Id.* at ¶ 13.  On November 9, 2017, the United States Internal Revenue Service ("IRS") recorded, against the Subject Property, "a Notice of Federal Tax Lien ("NFTL") against [Ms. Engen] with respect to unpaid federal income tax liabilities" for the applicable periods. *Id.* at ¶ 24.

On May 15, 2018, Plaintiff initiated this action "to: (i) reduce to judgment the outstanding federal tax assessments against Defendant Carol L. Engen; and (ii) foreclose federal tax liens on" the Subject Property. *Id.* at ¶ 1.  Ms. Engen shortly thereafter filed for bankruptcy, causing this Court to stay the matter pending resolution of Ms. Engen's bankruptcy proceedings.  Dkts. #5 and #6.  After Ms. Engen's bankruptcy action was dismissed, the Court lifted the stay and Ms. Engen's Motion to Dismiss followed shortly thereafter.  Dkts. #12, #16, and #27.

### III.      DISCUSSION

**A. Motion to Dismiss**

The Court has thoroughly reviewed the issues raised by Defendant in her Motion to Dismiss but finds that they do not warrant lengthy discussion.  The Court applies the law as it is not as Defendant believes it should be.  While imaginative, Defendant's arguments lack a basis in the law.

Defendant first claims that this Court lacks subject matter jurisdiction, warranting dismissal under Federal Rule of Civil Procedure 12(b)(1).  But Plaintiff's Complaint plainly

1    invokes federal law and provides Defendant several bases upon which to verify that this action

2    falls within this Court's subject matter jurisdiction. *See* Dkt. #1 at ¶ 2–3 (citing federal statutes

3    including 26 U.S.C. §§ 7401 and 7403). Unsurprisingly, a Westlaw search for cases citing 26

4    U.S.C. § 7401 yields 910 cases in federal courts and 12 cases in state courts. Likewise, a Westlaw

5    search for cases citing 26 U.S.C. § 7403 yields 2,015 cases in federal courts and 19 cases in state

6    courts. The Court is satisfied that it has subject matter jurisdiction.

7             Defendant then claims that this Court lacks personal jurisdiction over Defendant under

8    Rule 12(b)(2). But there is no question that Plaintiff's Complaint contains sufficient allegations

9    establishing this Court's personal jurisdiction (Dkt. #1 at ¶¶ 1, 4–5) and Defendant herself

10   indicates she is a "native and inhabitant of Washington" (Dkt. #27 at 7, 9). More specifically,

11   the Complaint makes clear that the Subject Property is within the District and alleges that

12   Defendant resides at the Subject Property. Dkt. #1 at ¶¶ 1, 4–5. Defendant does not establish

13   that this action should be dismissed for a lack of personal jurisdiction.

14           Defendant next claims that dismissal is warranted because this Court is not the proper

15   venue under Rule 12(b)(3). However, Plaintiff's Complaint makes clear that venue is proper in

16   the "judicial district in which a substantial part of the events or omissions giving rise to the claim

17   occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C.

18   § 1391(b)(2) (cited at Dkt. #1 at ¶ 4). Likewise, venue is proper "in the district of the taxpayer's

19   residence." 28 U.S.C. § 1396 (cited at Dkt. #1 at ¶ 4); *see also* 28 U.S.C. § 1391(b)(1) (venue

20   proper in the "judicial district in which any defendant resides" where, as appears to be the case

21   here, "all defendants are residents of the State in which the district is located"). Plaintiff chose

22   an appropriate venue.

23           Defendant also claims that the process itself was deficient and that process was

24   improperly served upon her, warranting dismissal under Rules 12(b)(4) and (5). *See Wasson v.*

ORDER – 3

*Riverside Cty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (comparing focus of Rule 12(b)(4) and 12(b)(5)). Defendant's primary argument, repeated throughout her briefing, is that there is some legal distinction to be drawn between "Carol Lynn Engen" and "Carol L. Engen." Dkt. #27 at 4–5. Defendant argues that her name is Carol Lynn Engen and that the summons and complaint refer to "Carol L. Engen." But this argument is wholly without legal support and Plaintiff establishes why the distinction is not legally significant.[1] Beyond this "name theory," Defendant does not point to any error in the process issued or in the service of that process upon her. Dismissal under either subsection is not appropriate.

Defendant then argues that the Complaint is deficient as it fails to adequately allege a claim upon which relief can be granted, warranting dismissal under Rule 12(b)(6). This argument is similarly baseless. Rule 8 requires only that a pleading "contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a). Even a cursory review of Plaintiff's Complaint reveals that Rule 8 is satisfied.

Further, Plaintiff satisfies Rule 12(b)(6). Under that rule, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In considering the issue, a plaintiff further enjoys the benefit of the court accepting all facts alleged in the complaint as true and drawing all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). Observing these guidelines, the Court

---

[1] The Court notes as well that Defendant's hyper focus on use of the proper name is undercut by her own use of both "Carol Lynn Engen" and "Carol L. Engen" in identifying and signing her filings. *See e.g.*, Dkt. #27 at 1, 17.

ORDER – 4

again has no difficulty determining that dismissal pursuant to Rule 12(b)(6) is not warranted in this case.

Lastly, Defendant does not establish that Plaintiff has failed to join a party under Rule 19 such that dismissal is appropriate under Rule 12(b)(7). Defendant maintains that the United States, the IRS, and "Carol Lynn Engen" are necessary parties to this action. Dkt. #27 at 9–17. But the Court is sufficiently satisfied that Defendant United States of America may maintain this action and does not see any legal distinction between Plaintiff proceeding as the "United States of America" or the "United States" or between Defendant being named as "Carol L. Engen" or "Carol Lynn Engen." Defendant's arguments fail.

Overall, Defendant's Motion to Dismiss reads like historical fiction or an ill-conceived threequel to the *National Treasure*[2] film franchise. Defendant builds her arguments on a winding path of historical statutes, presumed intents, and perceived mistakes. The Court does not entirely discount Defendant's arguments, but many of them would be better suited for a later junction with an adequate factual record. *N. Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983) ("The purpose of a motion to dismiss under rule 12(b)(6) is to test the legal sufficiency of the complaint.") (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). "[A] case should be tried on the proofs rather than the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957) (citation omitted); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (basis for dismissal must be clear on the face of the complaint).

Plaintiff similarly recognizes that Defendant's arguments are "nonsensical tax defier rhetoric that should be summarily rejected" Dkt. #32 at 2 (citing *Crain v. Commissioner*, 737 F.

---

[2] *See* https://en.wikipedia.org/wiki/National_Treasure_(film_series).

2d 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation to precedent; to do so might suggest that these arguments have some colorable merit.")).  However, unable to risk reliance on such generalities, Plaintiff methodically addresses Defendant's arguments and establishes that each is contrary to the law.  *See* Dkt. #32. Defendant does not attempt to respond to Plaintiff's arguments on reply.  *See generally* Dkt. #39. For the reasons above and the numerous reasons set forth by Plaintiff and adopted by the Court, Defendant's Motion to Dismiss is denied.

**B. Defendant's Additional Filings**

The Court briefly addresses Defendants additional filings.  *See* Dkts. #37, #38; and #40. These filings oscillate wildly.  Defendant objects to the Court's prior decision to treat one of her filings as a request for recusal.  Dkt. #37.  At the same time, Defendant indicates that she has not sought "the recusal of any officer of this court," was merely seeking "proper administration of justice and review [of] evidence," and requests that the Court consider her matter fairly. Dkt. #38 at 1–2).  Yet Defendant then again reverses course and alleges that "Judge Ricardo S. Martinez abandoned his judicial capacity and assumed a personal capacity" and must "cleanse the Record of his unauthorized filings" or "resign as judge" and obtain private counsel.  Dkt. #40 at 1–2. The Court is unable to discern Defendant's request.  To the extent Defendant informs the Court of her desire for a fair hearing, she is afforded a fair hearing without needing to seek relief from the Court.  The Court therefore denies "Defendant's Motion for a Fair and Impartial Hearing Docket No. 34" (Dkt. #38) as moot and disregards Defendant's additional filings (Dkts. #37 and #40).

IV.     **CONCLUSION**

Having reviewed Defendant's Motion and filings, the briefing of the parties, the supporting declarations and exhibits, and the remainder of the record, the Court ORDERS that

Defendant's Motion to Dismiss (Dkt. #27) is DENIED and "Defendant's Motion for a Fair and Impartial Hearing Docket No. 34" is DENIED as moot.

Dated this 14th day of May, 2020.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 7