UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C18-712 RSM |
| Plaintiff, | ORDER |
| v. | |
| CAROL L. ENGEN, et al., | |
| Defendants. | |

This matter is before the Court on Defendant Carol L. Engen's Motion for Continuance of Scheduling Deadlines. Dkt. #47. The Court grants the motion and takes the opportunity to clarify the record.

Defendant Engen indicates that the parties' prior attempt to hold the Rule 26(f) conference was unsuccessful because Plaintiff United States and Defendant King County ("King County") "refused to discuss their claims and defenses with Defendant [Engen] or any settlement matters until they had seen Defendant's answer to the Complaint." Dkt. #47 at 2. Defendant Engen has now filed an answer[1] to the Complaint and asserted counterclaims against Plaintiff and crossclaims against King County. Dkt. #44. Accordingly, Defendant Engen maintains that

---

[1] Defendant Engen has filed several amended answers, which the Court addresses below.

ORDER – 1

she should not be forced to participate in the Rule 26(f) conference until seeing responsive pleadings to her claims. Plaintiff and King County do not oppose the request, and the Court finds good cause to extend the requested deadlines.[2]

Since Defendant Engen filed her answer, asserting counterclaims and crossclaims, she has filed three amended complaints. Dkts. #45, #46, and #49. Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. FED. R. CIV. P. 15(a)(2).

Defendant Engen filed "Defendant's First Amended Answer and Counterclaims" on May 31, 2020. Dkt. #45. This expended the one amendment afforded Defendant Engen as a matter of course. *See Logue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1126–27 (D. Md. 2017) ("*only one* opportunity is afforded by Rule 15 to amend any pleading as a matter of course") (emphasis in original). Further amendments are permitted "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Accordingly, the Court will strike the subsequent amended answers as procedurally improper. In so doing, the Court clarifies that "Defendant's First Amended Answer and Counterclaims" (Dkt. #45) is Defendant Engen's operative pleading in this matter.

---

[2] The original deadline for the parties to file a joint status report was June 8, 2020. Dkt. #42. In an abundance of caution, Defendant Engen and Plaintiff filed separate status reports. Dkts. #51 and #52. Because the Court grants Defendant Engen's motion for an extension of time, the Court disregards those filings.

ORDER – 2

Accordingly, having considered Defendant's motion and the remainder of the record, the Court finds and ORDERS:

1. The Court STRIKES, as procedurally improper:

    a. "Defendant's Second Amended Answer and Counterclaims" (Dkt. #46); and

    b. "Defendant's Third Amended Answer and Counterclaims" (Dkt. #49).

2. Defendant Carol L. Engen's Motion for Continuance of Scheduling Deadlines (Dkt. #47) is GRANTED. The Court sets the following initial scheduling deadlines:

| Event | Old Deadline | New Deadline |
| --- | --- | --- |
| Deadline for FRCP 26(f) Conference | 05/25/2020 | **08/10/2020** |
| Initial Disclosures Pursuant to FRCP 26(a)(1) | 06/01/2020 | **08/17/2020** |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 06/08/2020 | **08/24/2020** |

Dated this 9th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3