UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C18-712 RSM |
| Plaintiff, | ORDER |
| v. | |
| CAROL L. ENGEN, et al., | |
| Defendants. | |

This matter is before the Court on Ms. Engen's Notice of Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction.[1] Dkt. #56. On May 14, 2020, the Court denied Ms. Engen's earlier motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)–(7). Dkt. #43. Ms. Engen returns with new arguments that this Court does not have personal jurisdiction over her "merely because someone decided to change my status and standing as a 'defendant' without consent" and that the Court lacks personal jurisdiction because of her "standing and status as an enrolled tribal member." Dkt. #56 at 1–2. The Court regards the arguments as an untimely request for reconsideration of its prior order and, as such, denies it.

---

[1] The Court addresses Plaintiff's Motion to Dismiss Counterclaims by separate order.

ORDER – 1

"Motions for reconsideration are disfavored." LCR 7(h)(1). Consequently, the Court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Here, Ms. Engen does not identify any reason why she could not bring her arguments before the Court earlier except that she became aware of certain authority "very recently." Dkt. #61 at 3. This is not enough and is the reason that the Court's local rule requires parties to act with reasonable diligence in the first instance in order to bring all arguments before the Court. *See also* FED. R. CIV. P. 12(g)(2) (party may not make another motion under Rule 12(b) "raising a defense or objection that was available to the party but omitted from its earlier motion"); FED. R. CIV. P. 12(h)(1) (defenses under Rule 12(b)(2)–(5) are waived by "omitting it from a motion in the circumstances described in Rule 12(g)(2)").

While this alone presents a sufficient basis to deny Ms. Engen's motion, the Court also notes that her arguments also fail on the merits. In support of her arguments, Ms. Engen provides a list of statutes and cases, but she does not specify how the authorities apply to the facts of this case:

    a. Title 25 United States Code § 450n (Indians enjoy sovereign immunity from law suits);
    b. Title 25 United States Code § 1301(1) rights to Indian self-government;
    c. Title 18 United States Code § 1151 (Indian country defined and when unextinguished native Indian title is relevant to a police stop);
    d. Indian Civil Rights Act of 1968;
    e. Public Law 97-280 (96 Stat.1211) of 1982 (The Holy Bible is the Word of God);
    f. 28 U.S.C. § 1738 (full faith and credit for tribal court Judgments);
    g. 18 U.S.C. § 2265 (full faith and credit for tribal court Orders);
    h. 18 United States Code § 1152 and § 1153 (exclusive criminal jurisdiction by tribal governments);
    i. It is settled law that State courts have no jurisdiction over Indians or Indian affairs:
- Williams v. Lee, 358 U.S. 217 (1959);

ORDER – 2

- Rice v. Olson, 324 U.S. 786 (1945); Worcester v. Georgia, 31 U.S. (6 Pet.) 5151 (1832);
- Ex parte Young, 209 U.S. 128 (1908); Edelman v. Jordan, 415 U.S. 650 (1974 (state officials can be sued to prevent them from violating a right protected by federal law);
- Frew ex rel. Frew v. Hawkins, 540 U.S. 431 (2004);
- Verizon Md Inc v. Public Serv. Comm'n, 535 U.S. 634, 645-64 (2002);
- Winnebago Tribe of Nebraska v. Stovall, 341 F. 3d 12102 (10th Cir 2003);
- Elephant Butte Irr. Dist. Of New Mexico v dep't of Interior, 160 F 3d 602, 609 (10th Cir. 1998);
- Michigan v. Long, 463 U.S. 1032 (1983): if state court decision(s) rested on a federal question, the U.S. Supreme Court has jurisdiction which steps in whenever a state court decision appears to rest primarily on federal law or to be interwoven with federal law;
- Reichert v. Felps, 6 Wall. 160, 165 (1868): Congress is bound to regard the public treaties, and it had no power to nullify Indian titles confirmed many years before.

Dkt. #56 at 2–3.  These authorities touch on the relationship between tribes and the federal government in areas such as education, forest management, jurisdiction over crimes committed in Indian Country, and tribal courts.  Ms. Engen does not provide any explanation of why they are relevant in this tax foreclosure case.[2]

The Government, by contrast, points out that this Court previously determined it had personal jurisdiction over Ms. Engen and provides context by way of common arguments that the Internal Revenue Service sees related to tribal membership and its effect on taxation.  The Government indicates, with citations to appropriate authority, that "under the Internal Revenue Code, all citizens, including Native Americans, are subject to the same income tax laws unless there is an exemption explicitly created by treaty or statute."  Dkt. #58 at 4 (citing *Squire v. Capoeman*, 351 U.S. 1, 6 (1956); *Ramsey v. United States*, 302 F.3d 1074, 1078 (9th Cir. 2002); *Hoptowit v. Commissioner*, 709 F.2d 564, 566 (9th Cir.1983)).  The Government further explains that no provision of the tax code exempts individual Native Americans from paying federal taxes.

---

[2] This is especially true because the record does not contain any indication that the property at issue constitutes Indian Country.

ORDER – 3

Dkt. #58 at 4 (citing Rev. Rule. 2006-20, 2006-1 C.B. 746 (2006)).  As with Ms. Engen's earlier arguments, her new untimely arguments lack a legal basis.[3]

Accordingly, and having considered Ms. Engen's motion and filings, the briefing of the parties, the supporting declarations and exhibits, and the remainder of the record, the Court ORDERS that Ms. Engen's Notice of Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction; Rights Enjoyed by North American Tribal Members as Validated by the United States Government in Deference to Applicable Laws (Dkt. #56) is DENIED as procedurally improper and unfounded on the merits.

Dated this 10th day of September, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Ms. Engen continues to draw fantastical conclusions about the nature in which she is before the Court.  Ms. Engen argues that the first motion to dismiss "was filed by defendant CAROL L ENGEN, a misnomer and artificial person purportedly for purpose of attaching a diminished capacity to Engen where none exists in fact, for which Engen acts in capacity of agent or authorized representative by necessity and under protest for the sole purpose of fending off unlawful encroachments to her property." Dkt. #60 at 2.  The Court has rejected these arguments and will not continue to revisit issues that have been resolved.  Ms. Engen indicates that she "is unaware of any federal law or federal rules of procedure that disallows sending motions to a federal court."  *Id.* at 5.  The Court directs Ms. Engen's attention to Federal Rule of Civil Procedure 11.  FED. R. CIV. P. 11(b) (unrepresented party's presentation to the court certifies, among other things, that it is not presented for improper purposes and that the legal and factual contentions have adequate support).

ORDER – 4