UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C18-712 RSM |
| Plaintiff, | ORDER |
| v. | |
| CAROL L. ENGEN, et al., | |
| Defendants. | |

In this tax foreclosure action, Defendant Carol L. Engen[1] ("Ms. Engen") has asserted certain counterclaims against Plaintiff, the United States (the "Government"). *See* Dkt. #59. The Government now seeks dismissal of those counterclaims. Dkt. #64. Having considered the motion and the briefing of the parties, the Court grants the Government's motion to dismiss Ms. Engen's counterclaims.

The Government initiated this action to foreclose a federal tax lien on a parcel of real property commonly described as 16423 NE 15th Street, Bellevue, WA 98008 (the "Subject Property"). Dkt. #1 at ¶¶ 8–13. The Government alleges that Ms. Engen filed insufficient tax returns "for the federal income tax years 2004 to 2008" and owes more than $250,880.66. *Id.* at

---

[1] The Court does not draw any distinction between "CAROL L. ENGEN," Carol L. Engen, or Carol Lynn Engen despite Defendant's repeated arguments that some relevant distinction exists.

ORDER – 1

¶¶ 14–15, 19.  After Ms. Engen acquired an interest in the Subject Property, the United States Internal Revenue Service recorded "a Notice of Federal Tax Lien [] against [Ms. Engen] with respect to unpaid federal income tax liabilities" for the applicable federal income tax years.  *Id.* at ¶ 24.  Now, the Government seeks to "(i) reduce to judgment the outstanding federal tax assessments against [Ms. Engen]; and (ii) foreclose federal tax liens on" the Subject Property."  *Id.* at ¶ 1.

Ms. Engen has answered the Government's complaint and asserts her own counterclaims against the Government.[2]  While perhaps an over-simplification of Ms. Engen's arguments, the Court is left with the impression that many of Ms. Engen's complaints are rooted in her belief that the Government should prove the entirety of its case at the pleading stage and that the Government has not disproved several factual allegations she believes are relevant to the case.  *See* Dkt. #59 at 14–17 (challenging presumed evidence, making unsupported factual allegations, and relaying actions of unidentified third parties).  She argues, for instance, that the Government has not proved the amounts it alleges she owes, has not proved that she is a taxpayer, and has not responded to her argument that she "revoked the election to be treated as a 'taxpayer' and

---

[2] Proceeding *pro se*, Ms. Engen filed several answers and counterclaims in this matter.  Shortly after filing her first answer and counterclaims (Dkt. #44) she filed a first amended answer and counterclaims (Dkt. #45).  Several days later she filed a second amended answer and counterclaims (Dkt. #46) and several days later filed a third amended answer and counterclaims (Dkt. #49).  Under the Federal Rules of Civil Procedure, Ms. Engen was permitted to amend her pleading once as a matter of course.  *See* FED. R. CIV. P. 15(a)(1).  Because her subsequent answers were filed without leave of the Court or consent of the Government, the Court struck them and specified that her first amended complaint (Dkt. #45) was operative.  Dkt. #53.  Subsequently the parties agreed (Dkt. #55) that Ms. Engen should be permitted to proceed under her third amended answer (Dkt. #49) and the Court granted leave for her to refile the third amended answer.  Dkt. #57.  However, as the Government notes, Ms. Engen filed a new version of her third amended answer (Dkt. #59), making substantial changes.  *See* Dkt. #64-1 (comparison of documents showing extensive changes).  Nevertheless, the Government responds to the altered version and the Court follows course on account of Ms. Engen's *pro se* status.  The Court, however, reminds Ms. Engen that she is expected to familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules.

ORDER – 2

'resident of the United States.'" *See generally*, Dkt. #59 at 5–13. Ultimately, the thrust of Ms. Engen's counterclaims is that the Government previously tricked her, through fraud and misrepresentation, into donating "gifts" under the guise of covering tax liability. *See id.* at 13–14 (alleging that the Government illegally extracted income taxes "in the approximate principal amount of $206,162.00"). But these counterclaims are not viable as they are barred by sovereign immunity. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (indicating that dismissal under Federal Rule of Civil Procedure 12(b)(6)[3] "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory"); *see also* FED. R. CIV. P. 8(a)(2) (counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

"[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations omitted).

> "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena,* 518 U.S. 187, 192 (1996). Further, a waiver of immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* The Supreme Court has called this a "high standard." [*Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)].

*Harger v. Dep't of Labor*, 569 F.3d 898, 903–04 (9th Cir. 2009).

In arguing that the Government has waived sovereign immunity, Ms. Engen relies only on 28 U.S.C. § 2410. Specifically, she argues that because the Government "claims federal tax

---

[3] The Government also seeks dismissal under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction. *See* Dkt. #64 at 3–7. The Court finds it more appropriate to address the matter under Rule 12(b)(6). *See Powelson v. U.S., By & Through Sec'y of Treasury*, 150 F.3d 1103, 1105 (9th Cir. 1998) ("Sovereign immunity is grounds for dismissal independent of subject matter jurisdiction. A statute may create subject matter jurisdiction yet not waive sovereign immunity.").

ORDER – 3

liens on [her] land and seeks judgment for a judicial sale thereto, [the Government] consents to be sued and waives sovereign immunity." Dkt. #59 at 13 (citing 28 U.S.C. § 2410). That section indeed waives sovereign immunity such that the Government may be joined as a party in actions relating to quieting title, foreclosing mortgages or liens, partition, condemnation, or interpleader where the Government "has or claims a mortgage or other lien" against the property. 28 U.S.C. § 2410. But Ms. Engen reads § 2410's waiver too broadly as it does not encompass her claims.

Ms. Engen seeks monetary relief. *See* Dkt. #59 at 13 (claiming the Government is "indebted to [Ms. Engen] in the approximate principal amount of $206,162.00" and interest); *id.* at 16 (claiming "punitive damages resulting from misrepresentation, concealment and deception on the part of the IRS" in the amount of $554,548.68). But § 2410 waives sovereign immunity where a taxpayer "presents a *procedural* challenge to a *lien*. *See Arford v. United States,* 934 F.2d 229, 232 (9th Cir.1991) (stating that § 2410 permits 'quiet title actions challenging the procedural aspects of tax liens, but not the merits of the underlying tax assessments')." *PCCE, Inc. v. United States*, 159 F.3d 425, 428 (9th Cir. 1998); *c.f. Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990) (§ 2410 does not waive sovereign immunity where a taxpayer seeks to challenge the assessments underlying the Government's lien). Ms. Engen does not point to any authority demonstrating that § 2410 acts as waiver of sovereign immunity for either her claims for damages or her claims that the underlying assessments were fraudulently made.

The Court notes, as well, that the Government has addressed several other statutes which may act as a waiver of sovereign immunity with respect to Ms. Engen's claims. Dkt. #64 at 4–7 (addressing 28 U.S.C. § 1346(a)(1) claims for tax refunds and 26 U.S.C. § 7433 claims for damages). Ms. Engen, however, specifically disclaims any intent to proceed under those statutes. Dkt. #66 at 6 ("ENGEN objects to [the Government's] attempt to repackage ENGEN's *equitable claim* into a 'refund' claim and the Court should disregard any arguments put forth by [the

ORDER – 4

Government] regarding 'refunds.'"). Ms. Engen makes clear that she attempts to challenge the assessments themselves. *Id.* at 8–9 (Ms. Engen arguing that she retroactively revoked her status as a "taxpayer"). To the extent Ms. Engen challenges procedural aspects of the Government's Federal Tax Liens, those issues are better addressed as defenses to the Government's claims.[4] Ms. Engen prays that "the Court should accept the *unrepresented* litigant's counterclaim as *intending to state* a 'cognizable legal theory'" in order to hear her claims. Dkt. #66 at 12. But the Court declines the invitation as Ms. Engen provides no legal authority supporting her prayer.

Accordingly, and having considered the Government's motion, the briefing of the parties, the supporting declarations and exhibits, and the remainder of the record, the Court ORDERS that the United States' Motion to Dismiss Counterclaim (Dkt. #64) is GRANTED and all of Ms. Engen's counterclaims against the Government are dismissed with prejudice.[5]

Dated this 10th day of September, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Court notes, as well, that 28 U.S.C. § 2410 appears appropriately aimed at procedural aspects of the Government's asserted liens. Liens claimed by the Government necessarily cloud legal title. Accordingly, the Government should not be the only party able to bring the issue of its asserted lien before the courts. 28 U.S.C. § 2410 appears to even the playing field by giving property owners and other lien holders an opportunity to bring the validity of the Government's asserted liens before the courts and clean the title to property.

[5] Ordinarily, when the Court dismisses a pleading for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend should be granted "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). Here, Ms. Engen does not request leave to amend her counterclaim and, because her claims are barred by sovereign immunity, amendment would be futile. Accordingly, the Court does not grant leave to amend.

ORDER – 5