UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C18-712 RSM |
| Plaintiff, | ORDER DENYING MOTION TO RECUSE |
| v. | |
| CAROL L. ENGEN, et al., | |
| Defendants. | |

## I.   INTRODUCTION

This matter is before the Court on Defendant's Affidavit of Prejudice and Motion to Recuse Ricardo S. Martinez.[1]  Dkt. #75.  The United States "opposes the motion as meritless." Dkt. #76.  Defendant has not filed a reply in support of her motion.  Having considered the issue, the Court denies Defendant's motion.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 455(a), a "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Federal judges shall also disqualify themselves in circumstances where they have "a personal bias or prejudice

---

[1] The parties have filed several additional motions which will be addressed after resolution of Defendant's motion to recuse.  *See* Dkts. #77, #81, #83, #87, #89, #93.

ORDER – 1

concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Disqualification is further governed by section 144 of title 28 of the United States Code:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Under both § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). The inquiry is not driven by "[c]onclusions, rumors, beliefs and opinions" as those "are not sufficient to form a basis for disqualification." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citations omitted); *see also United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) ("a reasonable outside observer is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased"). Rather, a reasonable person is "someone who 'understand[s] all the relevant facts' and has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (quoting *LoCascio v. United States,* 473 F.3d 493, 496 (2d Cir. 2007)).

ORDER – 2

### III.    DISCUSSION

Defendant appears to raise three primary bases upon which she argues for disqualification.  First, Defendant argues that the Undersigned should be disqualified because he presided over a prior case that Defendant filed in this Court.  Dkt. #75 at 2 (citing *Engen v. Internal Revenue Service*, Case No. 13-cv-1024-RSM (W.D. Wash.)).  Defendant alleges that both cases arose from the same events and that the Undersigned therefore has "personal knowledge of disputed evidentiary facts concerning the proceeding."  Dkt. #75 at 5–6 (quoting 28 U.S.C. § 455(b)(1)).[2]  Defendant overlooks that this is not personal knowledge as it was learned from judicial action.  Further, if anything is to be remembered, it is only the information that Defendant voluntarily chose to share as she was the only party to the action—it was dismissed before she effected service.  And lastly, any objections Defendant may have as to the prior proceedings were abandoned when she abandoned her appeal of the Court's decisions.[3]

Second, Defendant takes issue with most, if not all, of the Undersigned's prior rulings. *See generally* Dkt. #75.  Attempting to resurrect failed theories, Defendant argues that the prior orders are inconsistent, that a prior ruling somehow barred her from filing the present motion, and that the law should bend to benefit her because she is a pro se litigant.  But Defendant's argument fails to recognize that to warrant disqualification she must point to bias arising from extrajudicial sources.  *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").  "[A] judge's prior

---

[2] Defendant cites a single case in this regard: *United States v. Arnpriester*, 37 F.3d 466, 467 (9th Cir. 1994).  *Arnpriester* is, however, clearly distinguishable.  That case did not involve a judge who had presided over an earlier case.  Instead, *Arnpriester* involved a judge who had previously served as the United States Attorney and, in that role, oversaw a portion of the investigation that led to the defendant's indictment.

[3] *See Engen v. IRS*, Case No. 13-cv-1024-RSM, Dkt. #17 (W.D. Wash. Dec. 3, 2013).

ORDER – 3

adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).[4]

Third, Defendant rehashes prior events and draws incongruent inferences from the timing and phrasing of orders,[5] her lack of success as to the merits of her arguments, and various disjointed oddities, all in an attempt to conjure the specter of bias. *See e.g.* Dkt. #75 at 10–11. But Defendant's unsupported suspicions, speculations, and conclusions are not a sufficient basis for disqualification. *Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (noting that a reasonable person is not a "hypersensitive or unduly suspicious person" and that disqualification is generally based on more than "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters") (citations omitted); *see also In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) ("when considering disqualification, the district court is *not* to use the standard of 'Caesar's wife,' the standard of mere suspicion") (citation omitted) (emphasis in original). This is precisely because a more rigorous standard is required to prevent manipulation of the judicial process. *See Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge*, in 2B GUIDE TO JUDICIARY POLICY at 187–89.[6] Defendant is free to tilt at

---

[4] The Court notes that the extrajudicial source doctrine similarly applies to Defendant's arguments related to her 2013 case.

[5] The Court notes that delay does not form a sufficient basis for disqualification. *Baldyga v. United States*, 337 F. Supp. 2d 264, 270 (D. Mass. 2004) (year delay in ruling was not grounds for recusal); *Chappell v. Dickerson*, No. 1:96-CV-5576AWIDLBP, 2008 WL 397612, at *1 (E.D. Cal. Feb. 26, 2008) (2008 order noting significant delays in 1996 action, but refusing to recuse); *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, No. 2:08-CV-00863-RCJ, 2013 WL 5234249, at *7 (D. Nev. Sept. 16, 2013) (refusing to recuse after delay of nine months because "delay is unfortunately not unusual" and was not the product of any bias).

[6] *Available at*: https://www.uscourts.gov/sites/default/files/guide-vol02b-ch02-2019_final.pdf.

ORDER – 4

windmills,[7] but her unsupported and unsubstantiated suppositions do not serve as a basis for disqualification.

## IV.     CONCLUSION

Accordingly, and having considered Defendant's motion, Plaintiff's response, the records submitted in support, and the remainder of the record, the Court finds and ORDERS that Defendant's Affidavit of Prejudice and Motion to Recuse Ricardo S. Martinez (Dkt. #75) is DENIED. In accordance with the Court's local rules, *see* LOCAL RULE W.D. WASH. LCR 3(f), this order is REFERRED to the Honorable United States District Judge Richard A. Jones for review.

Dated this 25th day of March, 2021.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] See Miguel de Cervantes, THE INGENIOUS GENTLEMAN DON QUIXOTE OF LA MANCHA (1605).

ORDER – 5