HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAROL L. ENGEN, et al.,<br><br>Defendants. | Case No. 2:18-cv-00712-RSM<br><br>ORDER AFFIRMING ORDER DENYING MOTION TO RECUSE |

This matter comes before the Court on Defendant Carol L. Engen's ("Defendant") motion to recuse the Honorable Ricardo S. Martinez, Dkt. # 75, and Chief Judge Martinez's order denying the motion to recuse, Dkt. # 95. The matter was referred to the undersigned pursuant to Local Rule 3(f).

The applicable recusal statute provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:

ORDER – 1

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy . . . .

28 U.S.C. § 455.

Pursuant to 28 U.S.C. § 144, when "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," a party may file an affidavit stating "the facts and reasons for the belief that bias or prejudice exists" and the case will be assigned to another judge. "Under both statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotations and citations omitted). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

Defendant has failed to show that recusal is necessary or appropriate here. Defendant first argues that Chief Judge Martinez should disqualify himself because he "is in possession of 'personal knowledge of disputed evidentiary facts concerning the proceeding.'" Dkt. # 75 at 5 (quoting 28 U.S.C. § 455(b)(1)). She alleges Chief Judge Martinez is biased because he "played the key role in ruling in favor of the IRS in 2013 against [Defendant]." Dkt. # 75 at 6. Defendant then claims that Chief Judge Martinez should be recused because he "served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy" pursuant to 28 U.S.C. § 455(b)(3). These allegations misconstrue the statutory

ORDER – 2

provisions requiring recusal.

First, the allegations incorrectly conflate personal knowledge with knowledge obtained from a judicial proceeding. Indeed, Defendant makes no assertion that Chief Judge Martinez has any information except that which he had learned in the course of prior legal action before the Court—which had been presented by Defendant. Knowledge acquired through a judicial action does not constitute "personal knowledge of disputed evidentiary facts" that would require Chief Judge Martinez to disqualify himself pursuant to 28 U.S.C. § 455(b)(1). Second, Chief Judge Martinez's prior ruling does not render him biased as a matter of law and does not require recusal from the instant action. *See United States v. Studley*, 783 F.2d at 939 ("[A] judge's prior adverse ruling is not sufficient cause for recusal"). Third, Chief Judge Martinez's role does not run afoul of 28 U.S.C. § 455(b)(3), as alleged by Defendant, because he did not express an opinion about this particular case while serving in government employment. These arguments are meritless.

Defendant next takes issue with Chief Judge Martinez's denial of her prior motions and asserts that Chief Judge Martinez treats her unfairly because she is a *pro se* litigant. Dkt. # 75 at 10-12. Defendant first points to Chief Judge Martinez's conclusions that Defendant failed to identify cognizable claims and theories in prior motions as evidence of his bias against her as a *pro se* defendant. *Id.* at 12. This argument is clearly untenable. Defendant's disagreement with Chief Judge Martinez's prior adverse rulings in no way establishes a basis for disqualification nor does it demonstrate bias. Neither does any delay in Chief Judge Martinez's rulings. *See Baldyga v. United States*, 337 F. Supp. 2d 264, 270 (D. Mass. 2004) (holding that a year delay in ruling was not grounds for recusal).

Defendant also cites an ABA Journal article about Judge Richard A. Posner and his view about the treatment of *pro se* litigants in support of her contention that Chief Judge Martinez is treating her unfairly because she is a *pro se* litigant. *Id.* at 13.

ORDER – 3

However, Defendant fails to identify any facts substantiating any such bias by Chief Judge Martinez. Defendant's speculation about Chief Judge Martinez's alleged mistreatment of her as a defendant is unsupported and, again, appears to rest upon her disagreement with his adverse rulings. Such an argument is insufficient to require recusal.

The undersigned finds no indication of prejudice or bias. The Court therefore **AFFIRMS** Chief Judge Martinez's order declining to recuse and **DENIES** Defendant's Affidavit of Prejudice and Motion to Recuse Ricardo S. Martinez. Dkt. # 75.

DATED this 3rd day of May, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4