UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C18-712 RSM |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | |
| CAROL L. ENGEN, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff, the United States of America ("the Government" or "Plaintiff") brought this action against Defendant Carol L. Engen ("Ms. Engen" or "Defendant") to reduce outstanding federal tax assessments to judgment and to foreclose on certain property allegedly owned by Ms. Engen. Dkt. #1. Ms. Engen was initially represented by counsel, but her counsel passed away and she now proceeds pro se. Dkt. #11. Defendant has filed two prior motions seeking dismissal of this action, both of which were denied. Now, five pro se filings by Ms. Engen[1] are before the Court as well as the Government's motions to amend the complaint and to compel discovery and

---

[1] Ms. Engen requested oral argument on several of her early motions and filings. *See* Dkts. #77, #78, and #80. This Court's local rules provide that "[u]nless otherwise ordered by the court, all motions will be decided by the court without oral argument." Local Rules W.D. Wash. LCR 7(b)(4). The Court does not find oral argument necessary to its resolution of the pending motions.

ORDER – 1

sanction Ms. Engen. This order addresses all of the pending motions, resolving them in favor of the Government.

Before addressing the motions in detail, the Court wishes to first acknowledge the difficult situation in which Ms. Engen finds herself. Ms. Engen indicates that she is forced to live in a home that she is allergic to because she is unable to sell the property with the Government's tax liens clouding the title. Finding herself constrained by the circumstances, Ms. Engen blindly challenges the Government's action on every imaginable basis, regardless of merit. Despite Ms. Engen's impassioned arguments, the Court must apply the law as it stands and as it applies to the facts of this case. For her part, Ms. Engen must lay arguments to rest as they are decided by the Court and instead focus on new legal issues as they arise.

Further, the Court is aware that Ms. Engen represents herself and in a complicated and thoroughly litigated area of the law. Ms. Engen's intelligence and inquisitiveness are clear, but she is not a lawyer and does not have legal training. Yet Ms. Engen's case is only one of the many before the Court. While Ms. Engen may be left with a fuller understanding were the Court to fully explain her questions, the Court is unable to devote the time necessary to do so.

This is a valuable benefit of counsel in cases such as these. In the normal course, Ms. Engen could pose questions to counsel who could explain the legal merit of the issues, inform her that technicalities are unlikely to be sufficient, and guide her down the legal path upon which to appropriately challenge the Government's action. Through no fault of her own, Ms. Engen does not enjoy that luxury. But, through no fault of its own, this Court cannot fully indulge every argument brought forward by Ms. Engen. While the Court fully researches and considers the arguments it is able to discern, the Court is unable to—nor should it—provide a dedicated escort through the legal landscape.

//

ORDER – 2


## II. BACKGROUND

**A. Background of the Underlying Action**

The Government alleges that Ms. Engen filed insufficient tax returns "for the federal income tax years 2004 to 2008." Dkt. #1 at ¶ 14. As a result, "a duly authorized delegate of the Secretary of the Treasure made timely assessments against [Ms. Engen] for unpaid federal income taxes . . ., civil penalties . . ., penalties, interest, and other statutory additions." *Id.* at ¶ 15. As of the filing of this action, those assessments amounted to $250,880.66. *Id.* at ¶¶ 15, 19. Ms. Engen was provided notice of these assessments, but failed to pay. *Id.* at ¶¶ 17–19.

After Ms. Engen's husband passed away, on or around April 19, 2017, Ms. Engen acquired "a parcel of real property commonly described as 16423 NE 15th Street, Bellevue, WA 98008 ("Subject Property")." *Id.* at ¶¶ 8–13. Ms. Engen executed and subsequently recorded an "Affidavit Re: Will and Transfer on Death Deed." *Id.* at ¶ 13. On November 9, 2017, the Government's Internal Revenue Service ("IRS") recorded, against the Subject Property, "a Notice of Federal Tax Lien [] against [Ms. Engen] with respect to unpaid federal income tax liabilities" for the applicable periods. *Id.* at ¶ 24.

**B. Procedural Background**

On May 15, 2018, the Government initiated this action "to: (i) reduce to judgment the outstanding federal tax assessments against [Ms.] Engen; and (ii) foreclose federal tax liens on" the Subject Property. *Id.* at ¶ 1. Ms. Engen has challenged the action in nearly every possible way. Shortly after the case was filed, Ms. Engen filed for bankruptcy and the Court stayed the matter pending resolution of Ms. Engen's bankruptcy proceedings. Dkts. #5 and #6. After Ms. Engen's bankruptcy action was dismissed, the Court lifted the stay. Dkt. #16.

Ms. Engen subsequently filed two motions to dismiss. Dkts. #27 and #56. The first, arguing that the Court lacked subject matter jurisdiction, personal jurisdiction, and was the

ORDER – 3

incorrect venue, that process and the complaint were deficient, and that the Government had failed to join a necessary party (the IRS), was denied. Dkt. #43. The second was denied more expeditiously, rejecting Ms. Engen's reanimated arguments as to why this Court lacked personal jurisdiction. Dkt. #73. Conversely, the Court granted the Government's motion seeking do dismiss Ms. Engen's counterclaims based on alleged damage she suffered by the Government's actions and her claims that the Government's action failed for various reasons. Dkts. #64 and #74.

### III.    DISCUSSION

**A. Defendant's Motion to Join the Internal Revenue Service[2]**

The Court previously explained that its rules require Ms. Engen to act with reasonable diligence in bringing all of her arguments on discrete issues before the Court in a single motion or filing. Dkt. #73 at 2. Yet Ms. Engen rehashes her arguments that the IRS is a necessary and indispensable party to this action, merely propping them up with irrelevant rhetorical questions. Dkt. #77 at 2–3. The Court denies the motion on this basis.[3] *See also* Dkt. #79 at 1–2 (Government response recounting Court's earlier order and the applicable legal support).

Even so, Ms. Engen's arguments fail on the merits.[4] Ms. Engen argues that the IRS is the real party in interest because it is the only entity that demanded payment of delinquent taxes and

---

[2] Ms. Engen captions the filing as "Defendant's Motion to Join Internal Revenue Service as a Party." Dkt. #77.

[3] Ms. Engen argues, narrowly, that the Court's prior order only addressed whether dismissal was warranted under Federal Rule of Civil Procedure 12(b)(7) and not whether joinder was required under Rule 19. Dkt. #80 at 2. Ms. Engen may be correct, but the distinction does not serve a purpose as the underlying legal considerations are the same and the Court reaches the same result.

[4] Ms. Engen appears to assert that she is entitled to decide what law applies to this action. *See e.g.* Dkt. #80 at 3. But Ms. Engen sets forth no basis supporting her conclusion that the Internal Revenue Code of 1939 applies to this action, and not any of Congress's later enactments. *See e.g.*, Internal Revenue Code of 1954, Pub. L. No. 591, ch. 736, sec. 395 (noting that to the extent

ORDER – 4

penalties prior to the filing of the complaint and baselessly argues that the action must be dismissed due to the failure to include the IRS. Dkt. #77 at 3–4. Ms. Engen further believes that she is prejudiced by the absence of the IRS in pursuing discovery, entirely overlooking the substantial subpoena powers under the Federal Rules of Civil Procedure. Dkt. #78 at ¶¶ 4–6; Dkt. #77 at 4–5. And at the same time, Ms. Engen acknowledges that "[a]n absent party with an interest in the action is not a necessary party under Rule 19(a) if the absent party is adequately represented in the suit." Dkt. #77 at 6 (quoting *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012)) (quotation marks and citations omitted). Ms. Engen does not, however, provide any explanation of why the government does not adequately represent the interests of its own Internal Revenue Service here. Without establishing the legal relevancy of her arguments, Ms. Engen merely argues irrelevant hypotheticals.

The Government, having responded to Ms. Engen's motion, asks that the Court warn Ms. Engen against further attempts to relitigate issues that have been decided and that continued frivolous filings will result in sanctions. Dkt. #79 at 2–3.

> Engen's irresponsible pleading tactics are causing great inefficiencies within the Court and allowing her to continue down this path threatens to derail this litigation. Accordingly, the United States respectfully requests that the Court warn Engen that if she continues to abuse the judicial process by filing baseless and frivolous motions, she could be subject to sanctions, including but not limited to, the Court enjoining her from filing further motions, without the Court's approval.

Dkt. #79 at 3. The Court trusts that this Order, itself imposing sanctions, sufficiently conveys the message.

//

---

they were superseded, "such provisions of the Internal Revenue Code of 1939 are repealed"); sec. 7851 (specifying applicability of revenue laws and repealing various provisions of the Internal Revenue Code of 1939).

ORDER – 5

**B. Defendant's Motion for Order to Show Cause[5]**

Ms. Engen seeks an order directing the Government to "show cause why the Court should not enter an order declaring that neither CAROL L. ENGEN nor Carol Lynn Engen are 'taxpayer(s)' as that term is defined in the 1939 Internal Revenue Code and why this Court should not dismiss the case for lack of jurisdiction." Dkt. #81 at 2. But Ms. Engen pulls back from this position in the proposed order she files. Rather, Ms. Engen's proposed order indicates that she seeks an evidentiary hearing where the Government would produce "the underlying document for tax periods 2004 through 2008" or demonstrate why the documents do not need to be disclosed. Dkt. #84. In this context, Ms. Engen's motion would appear to be a discovery motion. Regardless, the Court finds the motion insufficient and denies it.

Ms. Engen's motion primarily presents theories without disclosing supporting evidence or indicating the relevance of her theories to this action. *See e.g.* Dkt. #81 at 4 (Ms. Engen detailing that she paid an unidentified company to perform an unidentified "decoding process" which "revealed that internally the IRS considered all my tax forms to be 'Virgin Island' tax returns"); *id.* ("If what I believe is true, the plaintiff's material misrepresentation has caused falsification of the record in its entirety because every filing, except this one, does not contain the name of the foreign insular court."), *id.* at 6 ("Until USA pleads in particular and with specificity the statute imposing a duty on me along with the regulation that gives it force of law, neither the 1939 [Internal Revenue Code] or Title 26 attaches to me."), *id.* at 7 ("[I]t is entirely possible the Court has never obtained jurisdiction over either the subject matter or me, in which case all prior Court orders are null and void."), *id.* at 13 ("These false misrepresentations and accusations which apparently have been used to separate me from my property in the past and

---

[5] Ms. Engen captions the filing as "Defendant-In-Error's Motion for Order to Show Cause." Dkt. #81.

ORDER – 6

are being used now to make me homeless under the guise of 'taxpayer' must be proven else this case must be dismissed with prejudice or any other relief this Court deems appropriate."). The Court is unable, without undue burden, to make sense of Ms. Engen's arguments.

Ms. Engen's arguments often seize on individual acts of Congress without placing those actions in the broader context in which they exist. But Ms. Engen cannot rely on repealed, superseded, or amended statutes without demonstrating for the Court that the prior statutes apply in this case. *See e.g.* Dkt. #81 at 4 ("During the banking emergency of 1933 by executive order the District Court of the Virgin Islands of the United States was transferred to the Department of Justice"). Furthermore, many of Ms. Engen's arguments appear premised on a mistaken belief that the Government has not sufficiently proved its case at this juncture. *See e.g. id.* at 6 ("Now that my citizenship is expressly controverted and supported by statements of fact on the record, this Court cannot move forward under an unverified *presumption* regarding my citizenship" but must "prove the permanent irrebuttable presumption of 'taxpayer' is in fact true.") (emphasis in original). But even if Ms. Engen's unsubstantiated allegations raised issues meriting legal dispute, the Government is not yet required to prove its claims at this stage of the case.[6] Discovery is ongoing and further pre-trial litigation remains. Ms. Engen's motion is denied.

//

//

//

//

---

[6] The Government takes issue with Ms. Engen's motion on the basis that it lacks a legal underpinning, that her arguments are barred by the Court's prior orders denying Ms. Engen's motions for dismissal, and that her arguments lack merit. Dkt. #82 at 2–4. The Government again requests that the Court warn Ms. Engen that further frivolous and meritless arguments may result in sanctions under Federal Rule of Civil Procedure 11. *Id.* at 5.

ORDER – 7

**C. Defendant's Motion to Strike and for Admonishment[7]**

Confusingly, Ms. Engen's motion to strike and for admonishment appears to primarily be a reply to the Government's opposition to her motion for an order to show cause. Dkt. #83. However, the filing also seeks to have the Court strike the Government's response to her motion for an order to show cause and requests that the Court admonish the Government's counsel. *Id.* Ms. Engen noted the filing as a separate motion for the Court's consideration. To the extent the Court should treat Ms. Engen's filing as a standalone motion, the Court denies it.

Ms. Engen maintains that the Government's response should be stricken in whole because the Government's counsel has violated Washington's Rule of Professional Conduct 4.1(a) and (b)[8] because counsel "misrepresented the lack of authority IRS possesses within any of the several States of the union and failed to deny that fact in the Response." *Id.* at 4. But, while Ms. Engen insists that the Government has made false statements, she does not point to any provision that is demonstrably false.[9] *Id.* at 5. Likewise, Ms. Engen insists that the IRS's filing of tax liens is "criminal and fraudulent" but does not provide a basis for her legal conclusion. *Id.* On the whole, Ms. Engen relies on speculation and conclusory statements, not proof, and her motion/reply, request to strike, and request for admonishment are all appropriately denied.[10]

//

---

[7] Ms. Engen captions the filing as "Defendant-In-Error's Motion to Strike Plaintiff's Response to Defendant's Motion for Order to Show Cause and to Admonish Plaintiff's Counsel to Comply with the Washington State Bar Association's Rules of Professional Conduct" Dkt. #83.

[8] Relating to a lawyer's obligation of truthfulness in statements to others. Wash. RPC 4.1(a), (b).

[9] Ms. Engen also takes issue with the Government's wording of its arguments, specifically that she is a "tax denier" or "sovereign citizen." Dkt. #83 at 2–4.

[10] Even if the Court granted Ms. Engen's request to strike the Government's response, her motion requesting an order to show cause would fail for the reasons identified by the Court.

ORDER – 8

**D. Defendant's Request for Evidentiary Hearing**

Ms. Engen has also filed what she captions as a "Defendant-In-Error's Request for Evidentiary Hearing and Motion for Order to Show Cause Why Plaintiff Should Not Be Required to Produce the Statutory Authority for the United States Legal Tender Demanded by the Plaintiff." Dkt. #87. This filing touches variously on her perceived distinction between "debts" and "taxes," between the use of "dollars" and the dollar sign ("$"), and on a prohibition against courts issuing judgments in foreign currency. *Id.* at 2–4. But Ms. Engen does not establish the relevance of these issues to the action before the Court and does not carry her burden to convince the Court that relief is warranted.[11]

Technicalities aside, the Court understands the Government's action to allege that Ms. Engen failed to pay taxes owed and that it now seeks to reduce the amount to a judgment and to foreclose upon property owned by Ms. Engen. Whether the amount of taxes is in "dollars" or "$" does not affect the underlying issues any more than a prohibition against issuing judgments in foreign currency. Ms. Engen's motion again raises another strawman which she presumes she can defeat, but the strawmen are raised only to make non-existent records appear relevant and necessary.[12]

The Government comes to many of the same conclusions, indicating that Ms. Engen's arguments are "difficult to decipher" and arguing that the Court should summarily reject the

---

[11] The same is true of Ms. Engen's reply in support of her motion. Dkt. #91. Ms. Engen maintains that the Government has made numerous "admissions" by failing to respond to Ms. Engen's legal speculation, but again fails to establish why the "admissions" are legally relevant to this case.

[12] Ms. Engen again requests an evidentiary hearing to require the Government to produce "the express agreement upon which the Complaint depends and also order the plaintiff to show cause why the plaintiff does not have to produce the United States legal tender statute authorizing the means to satisfy the prayed for decree of indebtedness, including the authority to require said means." Dkt. #87 at 11.

ORDER – 9

1 frivolous arguments.  Dkt. #90 at 2.  Nevertheless, the Government provides authority indicating

2 that there is no distinction to draw between amounts stated in "dollars" and amounts stated in

3 "$," and distinguishes Ms. Engen's reliance upon a perceived difference between debts and taxes.

4 *Id.* at 2 (citing *United States v. Johnson*, 585 F.2d 374, 377 (8th Cir. 1978)).  Finding Ms. Engen's

5 arguments baseless, the Government once again requests that the Court warn Ms. Engen that she

6 may be sanctioned should she continue to file baseless motions, an issue that the Court addresses

7 below.

8      **E.  Plaintiff's Motion for Leave to Amend Complaint**

9      The Government has filed a motion to amend its Complaint for the limited purpose of

10 adding the Washington State Department of Revenue as a Defendant because of its asserted

11 interest in Ms. Engen's property.  Dkt. #89.  The Government indicates that this interest only

12 recently became known when an updated title report was obtained.  *Id.* at 2.  The Government

13 seeks only to amend its Complaint to add the additional defendant.  *Id.*

14      As noted by the Government, leave to amend is to "be freely given when justice so

15 requires."  FED. R. CIV. P. 15(a).  However, leave to amend may be unwarranted "due to 'undue

16 delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by

17 amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of

18 amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010)

19 (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

20      The Government's motion does not demonstrate a reason to deny its request and Ms.

21 Engen has not responded in opposition to the motion.  Under this Court's local rules, the Court

22 takes Ms. Engen's failure to respond as an admission that the Government's motion has merit.

23 *See* LOCAL RULES W.D. WASH. LCR 7(b)(2) ("Except for motions for summary judgment, if a

24 party fails to file papers in opposition to a motion, such failure may be considered by the court

ORDER – 10

as an admission that the motion has merit."). Likewise, the Court finds that the Government's motion satisfies its burden and that permitting filing of the amended complaint is appropriate. The Government's motion is granted.

**F. Defendant's Motion to Dismiss the Complaint**

Next, the Court considers Ms. Engen's Defendant-In Error's Motion to Dismiss the Complaint (Fed. R. Civ. P. 17). Dkt. #93. As is clear from the caption, Ms. Engen again invokes Rule 17 and argues that the real party in interest is not a party to this action. *Id.* at 2. Ms. Engen's motion repeats many of the same arguments[13] that the Court has rejected in this and prior orders, a fact that the Government notes in opposing the motion.[14] *See* Dkt. #96 (refuting Ms. Engen's contentions). The Court agrees that Ms. Engen's motion is precluded by this and others of the Court's prior rulings. *See* Dkts. #43, #73, and #74. Ms. Engen's motion is appropriately denied.

---

[13] For instance, Ms. Engen argues that she made "an offer of proof that the IRS is a foreign entity domiciled in Puerto Rico having no authority to enforce the internal revenue laws of the United States inside a union State." Dkt. #93 at 3. Regardless of whether this is a factually accurate statement, Ms. Engen did not present sufficient proof for the Court to agree with broad conclusions she draws from her presumed offer of proof. Ms. Engen continues to make hypothetical arguments as to how she may be harmed by a failure to join the IRS but does not establish that she will actually face any prejudice.

This is true of many of Ms. Engen's arguments which often seek Court action and argue that the Court has the power to take the requested action without establishing why the Court should take the requested action. Taken to their extreme, Ms. Engen's arguments become non-sensical. Her arguments that the IRS is the real party in interest is akin to her arguing that Rainier cherries are not cherries merely because they were identified as Bing cherries. Similarly, Ms. Engen's arguments would support the conclusion that a declaration should have no legal effect if it indicates that it was signed during daylight hours but does not attach a video of an outdoor signing to demonstrate that it did in fact occur during daylight hours. Requiring proof of such minutia, most often having no legal effect, would grind the overburdened justice system to a halt with no added benefit. It is for Ms. Engen to present the issues that have a legal effect on these proceedings and not for the Government and the Court to determine which of her ideas enjoy a shed of legal merit.

[14] The Government once again requests that the Court warn Ms. Engen against further frivolous filings. *See* Dkt. #96 at 3. The Government's repeated requests are addressed in this Order.

ORDER – 11

**G. Plaintiff's Motion to Compel Discovery and for Sanctions**

Lastly, the Government has filed a motion seeking complete responses to its first set of interrogatories and requests for production and for sanctions due to Ms. Engen's failure to respond to the discovery request and her failure to attend her duly noticed deposition. Dkt. #99. Ms. Engen has failed to respond to the Government's motion. *See* LOCAL RULES W.D. WASH. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). The Court considers Ms. Engen's failure to respond as an admission that the Government's motion to compel has merit[15] and grants the motion to compel for the reasons set forth by the Government in its motion. *See generally* Dkt. #99.

The Government additionally seeks sanctions related to Ms. Engen's failure to conduct discovery under Federal Rule of Civil Procedure 37. *Id.* at 7–9. Sanctions for failing to respond to interrogatories and requests for production or for failing to attend a noticed deposition include directing that facts be taken as established, disallowing a party from contesting certain claims or defenses, striking pleadings, staying proceedings, dismissing actions, or rendering default judgments. FED. R. CIV. P. 37(d)(3). In addition, attorney's fees and expenses may be awarded. *Id.*

Here, the Government provided Ms. Engen explicit notice of the sanctions it was seeking. As to Ms. Engen's failure to respond to discovery, the Government requested Court action:

---

[15] The Court also notes that Ms. Engen has been unwilling to engage in a substantive meet and confers and has instead maintained that she is not required to conduct discovery because the Court has not ruled on her pending motions. Dkt. #99 at 3–5; *see also* LOCAL RULES W.D. WASH. LCR 37(a)(1) ("If the Court finds that counsel for any party, or a party proceeding por se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules."). The Court finds that Ms. Engen's failure to confer further demonstrates that she lacks a legal basis upon which to defend her actions or contest the Government's motion.

ORDER – 12

      (i) ordering Ms. Engen to reimburse the United States for reasonable expenses, including reasonable attorney's fees, in bringing this motion; (ii) prohibiting Ms. Engen from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence should Ms. Engen fail to comply with the order to compel, and (iii) entering default judgment against Ms. Engen should Ms. Engen fail to comply with the order to compel; and (iv) imposing any additional sanction under Rule 37(b)(2)(A)(i)- (vi) the Court deems appropriate.

Dkt. #99 at 7. As to Ms. Engen's failure to attend her deposition, the Government requested that the Court impose:

      (i) pursuant to Rule 37(b)(2)(A)(i), an issue establishment sanction that Ms. Engen submitted documents purporting to be a return of tax for each of the civil penalties under 26 U.S.C. § 6702 assessed by the IRS as asserted in the Complaint (or amended complaint if applicable), and that Ms. Engen is the sole owner of the Subject Property; (ii) pursuant to Rule 37(b)(2)(A)(ii), an evidence preclusion sanction that Ms. Engen is prohibited from presenting testimonial evidence at either trial or summary judgment to challenge the claim that the United States is entitled to reduce to judgment the federal tax assessments (federal income taxes and civil penalties under 26 U.S.C. § 6702) against Ms. Engen asserted in the Complaint (or amended complaint if applicable), or to challenge the authenticity of various documents that contain her signature, including correspondence, tax returns, and other IRS Forms that were sent to the IRS and are the subject of the civil penalties at issue in this action.

*Id.* at 9.

      The Court finds that Ms. Engen was provided full notice of the sanctions that may be imposed should she fail to comply with her discovery obligations or respond to the Government's motion. Additionally, the Government indicates that at each turn it advised Ms. Engen of the possible consequences of her actions. Dkt. #99-1 at ¶¶ 4–5, 7. The Court therefore finds that sanctions are appropriate[16] and grants the Government's motion and its requested relief.

### IV.    CONCLUSION

      Accordingly, and having considered the motions, filings, related briefing and supporting authority, and the remainder of the record, the Court finds and ORDERS that:

---

[16] The Court does not find it necessary to consider whether additional sanctions may be appropriate under Local Civil Rule 11.

ORDER – 13

1. **1.** Defendant's Motion to Join Internal Revenue Service as a Party (Dkt. #77) is DENIED.

2. **2.** Defendant-In-Error's Motion for Order to Show Cause (Dkt. #81) is DENIED.

3. **3.** Defendant-In-Error's Motion to Strike Plaintiff's Response to Defendant's Motion for Order to Show Cause and to Admonish Plaintiff's Counsel to Comply with the Washington State Bar Association's Rules of Professional Conduct (Dkt. #83) is DENIED.

4. **4.** Defendant-In-Error's Request for Evidentiary Hearing and Motion for Order to Show Cause Why Plaintiff Should Not Be Required to Produce the Statutory Authority for the United States Legal Tender Demanded by the Plaintiff (Dkt. #87) is DENIED.

5. **5.** United States' Motion for Leave to Amend Complaint (Dkt. #89) is GRANTED. The Government shall file and serve its First Amended Complaint (Dkt. #89-1) within fourteen (14) days of this Order. Defendants shall respond as provided under the applicable rules.

6. **6.** Defendant-In-Error's Motion to Dismiss the Complaint (Fed. R. Civ. P. 17) (Dkt. #93) is DENIED.

7. **7.** United States' Motion to Compel Discovery Responses and for Discovery Sanctions (Dkt. #99) is GRANTED.

    a. Ms. Engen failed to timely respond to the United States' First Set of Interrogatories and First Requests for Production of Documents, after being properly served with the same.

        i. Ms. Engen shall provide complete responses to the United States' First Set of Interrogatories and First Requests for Production of Documents within seven (7) days of this Order or, if Ms. Engen no longer has a copy of the United States' First Set of Interrogatories and First Requests for Production of

ORDER – 14

        Documents, within seven (7) days of the date upon which she is served with a new copy of the same;

    ii.    If Ms. Engen fails to comply with this Order within seven (7) days, she will be prohibited from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; and

    iii.    If Ms. Engen fails to comply with this Order within twenty-one (21) days, the Court will enter default judgment against her in this proceeding.

**b.**  Ms. Engen failed to attend to her deposition after being served with proper notice, and no motion for a protective order under Rule 26(c) was pending at the time of the noticed deposition.

    i.    It is established that Ms. Engen submitted documents purporting to be a return of tax for each of the civil penalties under 26 U.S.C. § 6702 assessed by the IRS as asserted in the Complaint (or amended complaint if applicable), and that Ms. Engen is the sole owner of the Subject Property;

    ii.    Ms. Engen is precluded from presenting testimonial evidence at either trial or summary judgment to challenge the claim that the United States is entitled to reduce to judgment the federal tax assessments (federal income taxes and civil penalties under 26 U.S.C. § 6702) against Ms. Engen asserted in the Complaint (or amended complaint if applicable), or to challenge the authenticity of various documents that contain her signature, including correspondence, tax returns, and other IRS Forms that were sent to the IRS and are the subject of the civil penalties at issue in this action; and

    iii.    The United States is entitled to the costs of the court reporter and reasonable attorney's fees for the time spent waiting for Ms. Engen to appear at her

ORDER – 15

deposition. Within twenty-one (21) days of this Order, the United States shall submit a declaration detailing the expenses and attorney's fees it incurred as a result Ms. Engen's failure to attend her noticed deposition. Ms. Engen shall have seven (7) days from the date the United States submits its declaration to file an opposition, solely as to the reasonableness of the amount of attorney's fees and expenses requested.

**c.** The United States is entitled to reasonable expenses and attorney's fees it incurred in bringing its Motion to Compel Discovery Responses and for Discovery Sanctions. Within twenty-one (21) days of this Order, the United States shall submit a declaration detailing the expenses and attorney's fees it incurred in bringing the motion. Ms. Engen shall have seven (7) days from the date the United States submits its declaration to file an opposition, solely as to the reasonableness of the amount of attorney's fees and expenses requested.

DATED this 17th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE