UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAROL L. ENGEN, et al.,<br><br>Defendants. | CASE NO. C18-712 RSM<br><br>ORDER DENYING EMERGENCY MOTION FOR EXTENSION OF TIME |

## I. INTRODUCTION

This matter is before the Court on an Emergency Motion for Extension of Time filed by Defendant Carol L. Engen ("Ms. Engen"). Dkt. #106. Ms. Engen noted her motion for consideration on the same day as filing, but the Court renoted the motion to provide the other parties an opportunity to respond because Ms. Engen's motion did not relate to a true emergency. Dkt. #107. Rather, the "emergency" relates to Ms. Engen's failure to timely comply with the Court's prior order, which now prevents her from relying on certain evidence in briefing her response to Plaintiff the United States of America's ("United States") pending motion for summary judgment and Defendant King County's pending motion to dismiss. In truth, Ms. Engen seeks relief from a deadline. The United States opposes Ms. Engen's request. Dkt. #110. Having considered the matter, the Court denies Ms. Engen's motion.

ORDER – 1

## II. BACKGROUND

The United States initiated this action to reduce outstanding federal tax assessments to judgment and to foreclose on certain property allegedly owned by Ms. Engen. Dkt. #1. In pursuing its case, the United States served Ms. Engen with interrogatories and requests for production. Ms. Engen failed to respond to those discovery requests, and the United States filed a motion to compel her responses. Dkt. #99. Ms. Engen did not respond to the United States' motion to compel. *See* Dkt. #101 at 12. Accordingly, the Court granted the United States' motion on June 17, 2021, and ordered, consistent with the relief requested, that:

i. Ms. Engen shall provide complete responses to the United States' First Set of Interrogatories and First Requests for Production of Documents within seven (7) days of this Order or, if Ms. Engen no longer has a copy of the United States' First Set of Interrogatories and First Requests for Production of Documents, within seven (7) days of the date upon which she is served with a new copy of the same;

ii. If Ms. Engen fails to comply with this Order within seven (7) days, she will be prohibited from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; and

iii. If Ms. Engen fails to comply with this Order within twenty-one (21) days, the Court will enter default judgment against her in this proceeding.

*Id.* at 14–15.

Ms. Engen did not provide complete responses to the United States' first discovery requests by June 24, 2021—seven days after issuance of the Court's order. Ms. Engen indicates that she was confused by the Notification of Electronic Filing that was generated and emailed to her upon the filing of the Court's order. Dkt. #106 at 2. That notice again warned Ms. Engen of the most serious consequence: "If Ms. Engen fails to comply with this Order within twenty-one (21) days, the Court will enter default judgment against her in this proceeding." *Id.* The summary did not mention earlier deadlines. *Id.* Ms. Engen indicates that "[t]he failure to meet the discovery deadline by [Ms. Engen] was unintentional and in part due to illness and a

ORDER – 2

misunderstanding of the dates given the text of the email." *Id.* Ms. Engen now seeks to be excused from her failure to comply with the Court's prior deadline.

### III. DISCUSSION

**A. Legal Standard**

Where a motion seeking relief from a deadline is filed after the deadline has expired, Federal Rule of Civil Procedure 6(b)(1) requires a court to first find excusable neglect for the late filing before considering whether good cause justifies an extension of the deadline. FED. R. CIV. P. 6(b)(1)(B). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). However, the standard "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* Often, in considering the matter, courts look to "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395 (citing *In re Pioneer Investment Services Co.*, 943 F.2d 673, 677 (6th. Cir. 1991)).

**B. The Court Does Not Find Ms. Engen's Neglect Excusable**

The Court does not find that Ms. Engen's failure to timely seek relief was the result of excusable neglect. The Court first notes that Ms. Engen never addressed the Court regarding her failure to respond to the United States' discovery requests. Ms. Engen flouted, without justification, her deadline for responding to the discovery requests. After the United States filed a motion to compel responses, Ms. Engen again flouted, without justification, the deadline to respond and justify her actions for the Court. Having already imposed unjustified delays upon the United States' discovery rights, Ms. Engen was not in a position to take further liberties with

ORDER – 3

the deadline for her response. And Ms. Engen could not have reasonably believed that she would be afforded—with no consequence—nearly the full thirty-day period she initially had to respond to the United States' requests. Acting on that unreasonable assumption was not excusable.

Even, Ms. Engen's explanation of her actions does not demonstrate excusable neglect. Ms. Engen indicates that she mistakenly relied on the summary of the Court's order included on the docket and in the Court's Notice of Electronic Filing. But, as the United States notes, even that summary instructed her to view the Court's order for additional details. Dkt. #110 at 3. Further, the summary provided that Ms. Engen was required to comply with the *order* but did not indicate the manner of her compliance. Only by reviewing the Court's order—the operative legal document—could Ms. Engen reasonably form a belief as to the manner of her compliance. Likewise, the summary upon which Ms. Engen purportedly relied, did not address, in any manner, her failure to attend her deposition, an omission that she could not have reasonably believed would occur without detriment. In short, Ms. Engen was provided notice, and knew, of the need to review the full order. And, even a cursory review of the Court's order would clearly establish that it placed requirements on Ms. Engen beyond the single sentence included in the Notice of Electronic Filing.

The Court additionally finds that ruling in Ms. Engen's favor would prejudice the United States. Ms. Engen thwarted the United States' efforts to obtain discovery. The United States obtained an order granting its requested relief and requiring Ms. Engen to respond to its discovery requests within seven days. When Ms. Engen again did not respond, she set a record upon which the United States could seek summary judgment. As a result, the United States briefed and filed a motion seeking summary judgment on the records it possessed. To now allow Ms. Engen to alter that record, presumably in a manner that would require substantial revisions to the United States' motion, would impose unjustified expense on the United States. This is especially true

ORDER – 4

when viewed in the context of this action, where Ms. Engen's numerous legal filings of dubious merit have already increased the United States' expenses and have delayed this action.

Lastly, the United States indicates that Ms. "Engen did not produce the required discovery responses by her requested new deadline of July 2," 2021. *Id.* As a result, it appears that little would be gained by granting Ms. Engen her requested relief as any responses to the United States' discovery responses would still be untimely.

Ms. Engen, in her reply, does nothing to alter the calculus. Dkt. #111. Rather, Ms. Engen argues that this matter has become moot because the United States has "accepted a tender in satisfaction of the IRS claim but failed to adjust the account balance or release the encumbrances on [Ms. Engen's] real estate." *Id.* at 1. Needless to say, Ms. Engen may not seek judgment in a reply to her motion for an extension of time and, regardless, she fails to satisfy the requirements for such relief. Ms. Engen otherwise fails to further support her motion and does not address the arguments raised by the United States in opposing her motion.

Considering these circumstances in the context of the applicable factors—prejudice to the nonmoving party, length and impact of delay, whether delay was beyond the reasonable control of the moving party, and the moving party's good faith—the Court finds that Ms. Engen's neglect was not excusable and denies her request for relief from the Court's prior deadline on that basis.

## IV. CONCLUSION

Accordingly, and having considered Ms. Engen's motion, the briefing, and the remainder of the record, the Court finds and ORDERS that:

1. Ms. Engen's Emergency Motion for Extension of Time (Dkt. #106) is DENIED.
2. In responding to the United States' motion for summary judgment, Ms. Engen may not rely on any documents or evidence that should have been disclosed in response to the

ORDER – 5

United States' First Set of Interrogatories and First Requests for Production of Documents.

DATED this 14th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6