1

2

3

4

5

6           UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8   UNITED STATES OF AMERICA,            CASE NO. C18-712 RSM

9                Plaintiff,              ORDER ON PENDING MOTIONS

10         v.

11  CAROL L. ENGEN, et al.,

12              Defendants.

13

14                          **I.      INTRODUCTION**

15          This matter is before the Court on Plaintiff United States' Motion for Summary Judgment

16  Against Carol L. Engen.  Dkt. #104.  Also before the Court is Defendant King County's 12(c)

17  Motion to Dismiss Defendant Engen's Crossclaims.  Dkt. #105.  Defendant Carol L. Engen ("Ms.

18  Engen") opposes both motions.  Dkts. #114 and #115.  Following briefing of those motions, Ms.

19  Engen filed various documents which the Court addresses in turn.  Dkts. #113, #118, #119, #120,

20  #121, #122, #123, #124, #127, #128, and #129.  Having considered the matters, the Court grants

21  the motion for summary judgment filed by Plaintiff United States of America (the "United

22  States"), grants the motion to dismiss filed by Defendant King County ("King County"), and

23  closes this matter.

24

ORDER – 1

## II.  BACKGROUND

The Court has previously recounted the basic facts of this action:

> Plaintiff alleges that Defendant Carol L. Engen ("Ms. Engen" or "Defendant") filed insufficient tax returns "for the federal income tax years 2004 to 2008." Dkt. #1 at ¶ 14. As a result, "a duly authorized delegate of the Secretary of the Treasure made timely assessments against [Ms. Engen] for unpaid federal income taxes . . ., civil penalties . . ., penalties, interest, and other statutory additions." *Id.* at ¶ 15. As of the filing of this action, those assessments amounted to $250,880.66. *Id.* at ¶¶ 15, 19. Ms. Engen was provided notice of these assessments, but failed to pay. *Id.* at ¶¶ 17–19.

> On or around April 19, 2017, Ms. Engen acquired "a parcel of real property commonly described as 16423 NE 15th Street, Bellevue, WA 98008 ("Subject Property")" after her husband passed away. *Id.* at ¶¶ 8–13. Ms. Engen executed and subsequently recorded an "Affidavit Re: Will and Transfer on Death Deed." *Id.* at ¶ 13. On November 9, 2017, the United States Internal Revenue Service ("IRS") recorded, against the Subject Property, "a Notice of Federal Tax Lien ("NFTL") against [Ms. Engen] with respect to unpaid federal income tax liabilities" for the applicable periods. *Id.* at ¶ 24.

> On May 15, 2018, Plaintiff initiated this action "to: (i) reduce to judgment the outstanding federal tax assessments against Defendant Carol L. Engen; and (ii) foreclose federal tax liens on" the Subject Property. *Id.* at ¶ 1. Ms. Engen shortly thereafter filed for bankruptcy, causing this Court to stay the matter pending resolution of Ms. Engen's bankruptcy proceedings. Dkts. #5 and #6. After Ms. Engen's bankruptcy action was dismissed, the Court lifted the stay . . . .

Dkt. #43 at 1–2 (alterations in original).

## III.  DISCUSSION

### A. United States' Motion for Summary Judgment

#### 1. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of

ORDER – 2

1   the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco,*

2   *Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*,

3   969 F.2d 744, 747 (9th Cir. 1992)).

4         The non-moving party must present significant and probative evidence to support its

5   claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir.

6   1991). "The mere existence of a scintilla of evidence in support of the [non-moving party's]

7   position will be insufficient; there must be evidence on which the jury could reasonably find for

8   the [non-moving party]." *Anderson*, 477 U.S. at 251. Neither will uncorroborated allegations

9   and self-serving testimony create a genuine issue of material fact. *Villiarimo v. Aloha Island Air,*

10  *Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809

11  F. 2d 626, 630 (9th Cir. 1987). Rather, the non-moving party must make a "sufficient showing

12  on [each] essential element of her case with respect to which she has the burden of proof" to

13  survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

14        On summary judgment, the Court views the evidence and draws inferences in the light

15  most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of*

16  *the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, where the non-moving party fails to

17  properly support an assertion of fact or fails to properly address the moving party's assertions of

18  fact, the Court will accept the fact as undisputed. FED. R. CIV. P. 56(e). As such, the Court relies

19  "on the nonmoving party to identify with reasonable particularity the evidence that precludes

20  summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1278–79 (9th Cir. 1996) (quotation marks

21  and citations omitted). The Court need not "comb through the record to find some reason to deny

22  a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026,

23  1029 (9th Cir. 2001); *Keenan*, 91 F.3d at 1279 (the court will not "scour the record in search of

24  a genuine issue of triable fact").

ORDER – 3

1

**2. The Record Before the Court**

2      The Court finds it appropriate to first clarify the record on which this motion is

3  considered. On June 17, 2021, the Court addressed several pending motions and granted a motion

4  to compel and for sanctions that had been filed by the United States. Dkt. #101. The Court found

5  that Ms. Engen had "failed to timely respond to the United States' First Set of Interrogatories and

6  First Requests for Production of Documents, after being properly served with the same." *Id.* at

7  14. Similarly, the Court found that "Ms. Engen failed to attend [] her deposition after being

8  served with proper notice." *Id.* at 15. Due to her refusal to respond to proper discovery requests,

9  even after being ordered to do so, the Court ordered that "Ms. Engen . . . will be prohibited from

10  supporting or opposing designated claims or defenses, or from introducing designated matters in

11  evidence." *Id.* Additionally, the Court found and ordered that:

12          (i) It is established that Ms. Engen submitted documents purporting to be a return
           of tax for each of the civil penalties under 26 U.S.C. § 6702 assessed by the IRS
13          as asserted in the Complaint (or amended complaint if applicable), and that Ms.
           Engen is the sole owner of the Subject Property; [and]

14
           (ii) Ms. Engen is precluded from presenting testimonial evidence at either trial or
15          summary judgment to challenge the claim that the United States is entitled to
           reduce to judgment the federal tax assessments (federal income taxes and civil
16          penalties under 26 U.S.C. § 6702) against Ms. Engen asserted in the Complaint
           (or amended complaint if applicable), or to challenge the authenticity of various
17          documents that contain her signature, including correspondence, tax returns, and
           other IRS Forms that were sent to the IRS and are the subject of the civil penalties
18          at issue in this action.

19  *Id.*

20      In addition to these discovery violations and sanctions, Ms. Engen also failed to respond

21  to the United States' First Requests for Admissions to Carol L. Engen. *See* Dkt. #104-2 at 2–28.

22  While Ms. Engen baldly asserts that she "has no record of receiving any Requests for Admissions

23  from Plaintiff," the United States fully explains, and provides proof, why this is not the case.

24  Dkt. #117 at 2–3. In accordance with Federal Rule of Civil Procedure 36 and due to Ms. Engen's

ORDER – 4

1   failure to respond, the United States' requests for admissions are deemed admitted.  Fed. R. Civ.

2   P. 36(a)(3).

3   Lastly, Ms. Engen has also failed to submit any evidence in support of her opposition to

4   the United States' motion for summary judgment and its supporting documents.  Ms. Engen's

5   opposition does not point to any evidence that is already in the record.  Rather, Ms. Engen baldly

6   asserts that the United States' evidence is not accurate without establishing a basis for doing so

7   or supplying any evidence in support of her assertions.  Ms. Engen fails to provide any basis for

8   questioning the United States' evidence.

9   Accordingly, the vast majority—if not all—of the facts supported by the United States'

10   evidence are not contested.  In her briefing, Ms. Engen raises several unsupported objections to

11   the evidence submitted by the United States—some factual, some broadly "legal," and some a

12   combination of both.  *See generally* Dkt. #114.   However, the United States has fully

13   responded—with citations to the specific evidence before the Court and the relevant legal

14   authorities—and has demonstrated that Ms. Engen's objections are without merit.  *See* Dkt. #117

15   at 2–4.  Nevertheless, the Court has considered the record in the light most favorable to Ms.

16   Engen and has drawn all reasonable inferences in her behalf.

17   **3.   Summary Judgment in Favor of the United States is Appropriate**

18   The Court has reviewed the thorough record put together by the United States in this

19   matter.  The factual evidence submitted, in addition to the statements and arguments of the United

20   States, clearly establishes that summary judgment in favor of the United States is appropriate.

21   Accordingly, the Court adopts the United States' motion and reply, including their recounting of

22   the evidentiary record and their legal reasoning, in whole.[1]  Dkts. #104 and #117.

23

24

---

[1] Of course, the United States' motion

ORDER – 5

1    In opposition, Ms. Engen has raised only unsupported quibbles with the record and

2    subjective feelings as to why the United States has failed to satisfy legal requirements that Ms.

3    Engen believes should be applicable.  The Court has held the United States to its burden but will

4    not meticulously nitpick the evidence and arguments to establish whether Ms. Engen's overly

5    broad objections[2] may be, to some extent, valid.  Ms. Engen has been afforded the opportunity

6    to discover evidence supporting her positions, to review the evidence and arguments provided by

7    the United States, and to consult legal authorities to test the validity of her beliefs.  Despite these

8    opportunities, Ms. Engen has not brought specific issues before the Court.  Rather, Ms. Engen

9    rehashes broad objections that have previously been addressed by the Court and finds new

10   molehills with which to make mountains.  On the whole, Ms. Engen's failure to submit evidence

11   supporting her asserted defenses, to identify discrete issues with the evidence presented by the

12   United States, and to formulate supportable legal arguments makes her opposition all but a

13   nullity.[3]  Summary judgment in favor of the United States, for the relief it seeks, is appropriate.

14

15

---

16   [2] For example, Ms. Engen equivocates on the United States' positions: "[The United States']
'arguments' are so full of holes a truck could be driven through them." Dkt. #114 at 9.  Similarly,
17   Ms. Engen questions the accuracy of the evidence introduced. *See id.* at 11 ("IRS records are
notoriously inaccurate.").  But Ms. Engen does not support or quantify her speculation that the
18   United States' evidence and arguments are unsupported.

19   [3] Even if Ms. Engen's opposition represented, in substance, a failure to oppose the United States'
motion for summary judgment, the Court would not grant the motion as a matter of course.  *See*
20   *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013) ("[A] motion for summary judgment
may not be granted based on a failure to file an opposition to the motion."); *Henry v. Gill Indus.,*
21   *Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).  "Rule 56 requires district courts to assess whether 'the
motion and supporting materials' entitle the movant to summary judgment." *Heinemann*, 731
22   F.3d at 916 (quoting FED. R. CIV. P. 56(e)(3)).  However, "the opposing party's failure to respond
to a fact asserted in the motion permits a court to 'consider the fact undisputed for purposes of
23   the motion.'" *Id.* (quoting FED. R. CIV. P. 56(e)(2)).  Likewise, an opposing party cannot rely on
its unsubstantiated allegations to create genuine disputes as to material facts. *Moran v. Selig*,
24   447 F.3d 748, 759 (9th Cir. 2006) (plaintiff cannot rely on unverified complaint "as evidence at
the summary judgment stage").

ORDER – 6

**B. The County's Motion to Dismiss**

**1. Legal Standard**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The same legal standard applies to a motion for judgment on the pleadings as to a motion to dismiss for failure to state a claim. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). Thus, the Court must accept as true all material facts alleged in the pleadings and draw all reasonable inferences in favor of the nonmoving party. *See Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Judgement may be based on the complaint's lack of "a cognizable legal theory" or its lack of "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990) (quoting *Conley v. Gibson*, 255 U.S. 41, 45–46 (1957)).

**2. Dismissal of Ms. Engen's Crossclaims Against the County is Appropriate**

The Subject Property is located within King County, Washington. As a primary taxing authority, King County benefits from a statutory real property tax lien which attaches to the Subject Property every January. Dkt. #105 at 2. Because of King County's uncertain interest in the property, the United States made King County a defendant to this action.

Upon answering the United States' complaint, Ms. Engen also alleged crossclaims against King County and counterclaims against the United States. Dkt. #59. The Court previously dismissed Ms. Engen's counterclaims against the United States. *See* Dkt. #74. King County now

ORDER – 7

1    seeks judgment on the pleadings and a dismissal of Ms. Engen's crossclaims for a failure to state

2    a valid legal claim.  Dkt. #105.

3        King County identifies "the essence" of Ms. Engen's crossclaim as her assertion "that

4    King County does not have a valid tax lien against the Subject Property because 'KING

5    COUNTY's 'real estate' tax scheme is foundationally unconstitutional as KING COUNTY lacks

6    jurisdiction over Counterclaim (sic) Plaintiff's land and possesses no lawful right of action to

7    foreclose." Dkt. #105 at 3 (quoting Dkt. #59 at p. 18, ln. 5–9) (notation in King County's motion).

8        Rather than identifying her asserted claims and the basis for them, Ms. Engen argues that

9    King County lacks evidence to overcome her claims, whatever they may be.  Dkt. #115 at 3.  But

10   this wholly ignores the standard under which a motion for judgment on the pleadings is

11   considered.   The truth of Ms. Engen's allegations is assumed.   But Ms. Engen still must

12   demonstrate that those allegations entitle her to relief under a cognizable legal theory.

13       Ms. Engen appears to argue that her legal claims spring from King County's failure to

14   respond to Ms. Engen's prior request for an explanation and justification of its taxing authority.

15   *Id.* at 3–4.  But Ms. Engen provides no citations to legal authority establishing that she has a right

16   to an explanation or that she can maintain a private cause of action in the absence of a sufficient

17   explanation.[4]  Ms. Engen's complaints appear political and without a legal basis upon which she

18

19

20   _____

[4] Ms. Engen includes limited citations to legal authority. *See generally* Dkt. #115.  First, Ms.
21   Engen references subsections of Federal Rule of Civil Procedure 12, namely those referenced
and identified in King County's motion. *Id.* at 1.  Second, Ms. Engen points to "Art. 1, Sec. 10,
22   cl. 1 of the national Constitution." *Id.* at 3.  That clause provides that "[n]o State shall enter into
any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit
23   Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any
Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any
24   Title of Nobility."  Ms. Engen does not otherwise explain how these legal authorities apply to
her asserted claims.

ORDER – 8

1   can seek relief.  Accordingly, the Court finds that granting judgment on the pleadings in favor of

2   King County and dismissing the crossclaims is appropriate.

3   **C.  Ms. Engen's Various Filings**

4   **1.  Motion to Stay**

5   Most notably, Ms. Engen filed a motion for an order staying the case.  Dkt. #122.  Ms.

6   Engen's motion specifically indicated that she had appealed this Court's June 17, 2021, Order

7   (Dkt. #101) to the Ninth Circuit Court of Appeals and argued that this Court should stay the

8   matter pending a resolution of her appeal.  *Id.* at 1–2.  The United States opposed Ms. Engen's

9   request.  Dkt. #126.

10   Concurrently, Ms. Engen filed a similar request in her appellate case.  *See United States*

11   *v. Engen*, No. 21-35540, Dkt. #5 (9th Cir. Aug. 17, 2021).  In response, the United States filed a

12   motion to dismiss Ms. Engen's appeal because she sought to appeal a nonfinal order outside the

13   scope of appealable collateral orders.  *See United States v. Engen*, No. 21-35540, Dkt. #8 (9th

14   Cir. Aug. 18, 2021).  On September 17, 2021, the Ninth Circuit Court of Appeals granted the

15   United States' motion to dismiss the appeal and denied Ms. Engen's pending motion to stay as

16   moot.  *See United States v. Engen*, No. 21-35540, Dkt. #10 (9th Cir. Sep. 17, 2021).

17   Ms. Engen's request for a stay was based primarily on a potential conflict between the

18   trial date in this matter and the briefing schedule before the Ninth Circuit.  For the reasons stated

19   in the United States' brief, Ms. Engen's request for a stay in this matter was not warranted.  Dkt.

20   #126.   Any possible conflict between this Court and the Ninth Circuit has been resolved.

21   Likewise, the Court's decision to grant the motions for summary judgment and for judgment on

22   the pleadings resolves this matter.  Accordingly, the Court denies Ms. Engen's motion for a stay

23   as moot.

24

ORDER – 9

**2.  Ms. Engen's Various Other Filings**

Over the last several months, Ms. Engen has filed a variety of documents with the Court. Most of the filings are styled as "Notice[s] of Permanent Errors on the Record" and take exception with prior orders of the Court.  Dkts. #118, #119, #120, #121, #123, and #124.  These notices do not seek relief from this Court and the Court presumes that Ms. Engen considers them relevant to her prior appeal to the Ninth Circuit.  Because the filings were not noted as motions or relied upon in support of Ms. Engen's briefing in this matter, the Court disregards them.  To the extent they seek relief from this Court, the requests are denied as moot.

Additionally, Ms. Engen filed "Defendant Carol L Engen's Priority Claim," "Defendant Carol L Engen's Withdrawal of Document – Docket No. 113, July 15, 2021," and a "Notice of Super Priority Lien – 26 U.S.C. § 6323(b)."  Dkts. #113, #128, and #129.  The two claim documents attach UCC Financing Statements.  Ms. Engen does not seek any relief from the Court and the Court disregards the notice filings.  To the extent they seek relief from this Court, the requests are denied as moot.

## IV.      CONCLUSION

Accordingly, and having considered the motions, filings, briefing, supporting evidence and legal authority, and the remainder of the record, the Court finds and ORDERS that:

1.  Plaintiff United States' Motion for Summary Judgment Against Carol L. Engen (Dkt. #104) is GRANTED.

    a.  Ms. Engen is indebted to the United States for unpaid: federal income tax liabilities for the tax years 2005 and 2007; and Section 6702 penalty liabilities for tax years 2004-2008, in the amount of $288,360.08 as of June 18, 2021, less any subsequent payment or credits, plus interest and other statutory additions, as provided by law;

ORDER – 10

b.  The United States has valid and subsisting federal tax liens against all of Ms. Engen's property and rights to property, including but not limited to, her interest in the Subject Property as the sole owner of the Subject Property;

c.  The United States may foreclose its federal tax liens upon the Subject Property; and

d.  The United States is entitled to its costs and such other relief as is just and proper.

2.  Defendant King County's 12(c) Motion to Dismiss Defendant Engen's Crossclaims (Dkt. #105) is GRANTED.  All of Ms. Engen's crossclaims against King County are DISMISSED with prejudice.

3.  Defendant Carol L. Engen's Motion for Order Staying Case (Dkt. #122) is DENIED as moot.

4.  To the extent Ms. Engen's various filings (Dkts. #113, #118, #119, #120, #121, #122, #123, #124, #127, #128, and #129) seek relief from the Court, they are DENIED as moot.

5.  This matter is now CLOSED.

DATED this 24th day of September, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 11